UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Solberg Mfg. Inc., an Illinois Corporation, assumed name, Solberg Manufacturing, Inc.<br>Plaintiff<br>v.<br>Industrial Compressor Supplies, a Missouri Limited Liability Company<br>Defendant | Case No___________<br>Judge____________<br>Magistrate ________________ |

# Complaint for Damages, Equitable Relief and Demand for Jury

## Parties

Solberg Mfg. Inc., an Illinois Corporation, having an assumed name as Solberg Manufacturing, Inc. (hereinafter "Plaintiff") is an Illinois Corporation, with a principal place of business at 1151 Ardmore Ave, Itasca, IL 60143.

Defendant, Industrial Compressor Supplies (hereinafter, "Defendant") is a Missouri limited liability company. It has a regular and continuous place of business at 1895 Yaqui Dr., Florissant, MO 63031.

### Jurisdiction and Venue

This Court has subject matter over the Latham Act claims pursuant *15 U.S.C. § 1121*, and *28 U.S.C. § 1338(a)*, and *28 U.S.C. § 1338(b)*. It has subject matter over the state unfair competition claim under its pendent jurisdiction and under *28 U.S.C. § 1367*.

The Court has personal jurisdiction over the Defendant under Illinois' Long Arm Statute and the Due Process clause. Illinois permits the exercise of personal jurisdiction to the extent "permitted by the Illinois Constitution and the Constitution of the United States." See 735 ILCS 5/2-209. The Due Process Clause permits a court to exercise [*12] personal jurisdiction if the defendant has purposefully established "minimum contacts" with the forum state. Industrial Compressor Supplies, Inc sells and offers products for sale to customers and potential customers in the state of Illinois through electronic and print media published in the state of Illinois which infringes Plaintiff's trademark SOLBERG by purporting to sell and offer to sell genuine SOLBERG branded goods which originate from or are authorized by the legal source of SOLBERG branded goods. Defendant also targeted Plaintiff's Illinois operations.

Venue is proper in the Northern District of Illinois under 28 USCS § 1391 (a), (b), (c), and (d).in that a substantial part of the events giving rise to this action occurred in the Northern District of Illinois and the Defendant is doing business in this district. For example, the infringing, counterfeiting, and unfair competition took place in the Northern District of Illinois.

**First Cause of Action**

**Trademark Infringement 15 U.S.C. § 1114 (SOLBERG)**

Plaintiff owns all right, title, and interest in and to United States Trademark Registration 2,334,405 for the trademark SOLBERG (Word Mark), registered March 26, 2000, with a date of First Use in commerce as at least as early 1986, for use with filters for machines, namely for air compressors, vacuum pumps and industrial positive displacement blowers in international class 07 (hereinafter, "SOLBERG GOODS"). The term "filters" is broad enough to include filter elements sold with or without a canister. A copy of the registration is attached hereto and incorporated herein by reference as Exhibit A.

The registration for the trademark SOLBERG is valid and in force.

The registration for the trademark SOLBERG has achieved incontestable status.

The registered SOLBERG trademark has been continuously used in the ordinary course of business in commerce in the U.S. by Plaintiff on or in connection with selling and offering for sale the SOLBERG GOODS in commerce in the U.S. since prior to any use by Defendant.

Plaintiff maintains control (including quality control) over the design, manufacture, distribution, marketing, and sale of SOLBERG GOODS in commerce in the U.S., under and in connection with the SOLBERG trademark. As such, the SOLBERG GOODS which are and have been sold in commerce in the U.S., under and in connection with the SOLBERG trademark are seen in a favorable light and known for their consistent, uniform, and exacting high quality and standards.

Plaintiff's target market, to which it sells SOLBERG GOODS in commerce in the U.S., in part, includes end users of air compressors, vacuum pumps and industrial positive displacement blowers desirous of purchasing an aftermarket filter to replace an original equipment filter for air compressors, vacuum pumps, and industrial positive displacement blowers or to replace another aftermarket filter of air compressors, vacuum pumps, and industrial positive displacement blowers.

Plaintiff's target market, to which it sells SOLBERG GOODS in commerce in the U.S., in part, also includes engineering firms desirous of purchasing or specifying a filter as a component of an engineered package, said engineered package sold to or installed at an end user's facility, said engineered package incorporating or used with, air compressors, vacuum pumps, and industrial positive displacement blowers.

Plaintiff's target market, to which it sells SOLBERG GOODS in commerce in the U.S., in part, also includes installers of the above-described engineered packages or installers of air compressors, vacuum pumps, and industrial positive displacement blowers.

Plaintiff's target market, to which it sells SOLBERG GOODS in commerce in the U.S., in part, also includes servicing entities, servicing centers, and servicing personnel desirous of replacing a filter or installing a filter used in connection with air compressors, vacuum pumps, and industrial positive displacement blowers.

Plaintiff's target market, to which it sells SOLBERG GOODS in commerce in the U.S., in part, also includes original equipment manufacturers of air compressors, vacuum pumps, and industrial positive displacement blowers.

Plaintiff's target market, to which it sells SOLBERG GOODS in commerce in the U.S., in part, also includes distributors and other resellers of filters that sell to the above-described end users, engineering firms, installers, servicing entities, servicing personnel, and original equipment manufacturers.

The above target markets are hereinafter collectively referred to as "SOLBERG TARGET MARKETS."

To reach the SOLBERG TARGET MARKETS, Plaintiff markets the SOLBERG GOODS throughout the U.S. in connection with the SOLBERG trademark, hereinafter the SOLBERG MARKETING.

The SOLBERG MARKETING includes the website, https://www.solbergmfg.com, optimized for appearing in search results using over 6000 key words used within the website including part numbers, product descriptions, industry jargon; said website having national reach throughout the U.S.

The Plaintiff offers for sale and sells, through its website, https://www.solbergmfg.com, the SOLBERG GOODS in commerce in the U.S.

The SOLBERG MARKETING includes other electronic media, having national reach throughout the U.S., promoting SOLBERG GOODS in connection with the SOLBERG Trademark, such as the following third-party sites and publications directed to SOLBERG TARGET MARKETS: Grainger.com, Amazon.com, Zoro.com, AirBestPractices.com.

The SOLBERG MARKETING includes print media having national reach throughout the U.S. promoting SOLBERG GOODS in connection with the SOLBERG Trademark, such as Compressed Air Best Practices Magazine directed to the SOLBERG TARGET MARKETS.

The SOLBERG MARKETING includes attending the following trade shows and seminars where the SOLBERG trademark is used in connection with the SOLBERG GOODS: Association of Independent Compressor Distributors, Industrial Compressor Distributor Association, The Best Practices EXPO & Conference (and many other industry specific events.

The above-described use and marketing of the registered SOLBERG trademark in commerce in the U.S. in connection with the SOLBERG GOODS has inured the SOLBERG trademark with considerable goodwill and a favorable reputation amongst the SOLBERG TARGET MARKETS throughout the U.S.

The above-described use and marketing of the registered SOLBERG trademark in connection with the SOLBERG GOODS has inured, throughout the U.S., the SOLBERG Trademark as designating the SOLBERG GOODS as originating from a single source.

Defendant started using the trademark SOLBERG, hereinafter, the “SOLBERG Infringing Mark”, well after the Plaintiff’s SOLBERG trademark became inured with considerable goodwill and a favorable reputation amongst the SOLBERG TARGET MARKETS and known to the

SOLBERG TARGET MARKETS as designating SOLBERG GOODS as originating from a single source.

The SOLBERG Infringing Mark is used in commerce, in the U.S., in connection with marketing and selling filters for use with air compressors air compressors, gas compressors, vacuum pumps, and industrial positive displacement blowers on Defendant's website,

Defendant, on its website's face page, https://www.eaircompressorparts.com, recites "Solberg Filters" as a link for a user of the website to click through to buy filters for at least air compressors.

When a user clicks on the "Solberg Filters" link, it lands on pages of the website that include a list wherein each item on the list, in part, recites "Replacement Solberg Filter" as a link to another page.

Examples of items on the list, in part, include



ICS-18P Replacement Solberg Filter

**Price:** $12.34

Quantity:

More Info

ICS-18P Replacement Solberg Filter



ICS-19P Replacement Solberg Air Filter

**Price:** $13.78

Quantity:

More Info

ICS-19P Replacement Solberg Air Filter.




Many of the alphanumeric and numeric portions on the listing which succeed ICS such as 14, 18p and 19P reflect numeric and alphanumeric terms associated with Plaintiff.

Indeed, Plaintiff owns an incontestable trademark registration for the number 19. The Registration is valid, enforceable and incontestable. A copy of the registration is attached as Exhibit B.

Assessing Plaintiff's mark, as a whole, shows SOLBERG dominates, as SOLBERG makes its own commercial impression. The term SOLBERG is arbitrary as applied to SOLBERG GOODS and thus the mark, as a whole, is strong. Plaintiff's mark, as a whole, is pronounced SOLBERG and has a connotation and visual look as SOLBERG. The commercial impression of the mark, as a whole, when applied to the SOLBERG GOODS, is SOLBERG.

As to the SOLBERG Infringing Mark, analyzed as a whole, like Plaintiff's mark, it is pronounced SOLBERG. Like Plaintiff's mark, SOLBERG dominates. The term "Filters" used on the home page with Solberg such as "Solberg Filters" ; and the phrase "Filter" used on the listing page such as "Replacement Solberg Filter" simply connotes the nature of the good used in connection with infringing mark.

The term "Replacement" as used on the listing pages in the phrase "Replacement Solberg Filter" simply connotes the filter, as a category of filters, that originates from the source of original SOLBERG brand filters. The Infringing mark, like Plaintiff's mark, has the commercial impression SOLBERG.

Upon information and belief, Defendant's target markets overlap with the SOLBERG TARGET MARKETS. The overlapping target markets includes overlapping trade channels used in commerce in the U.S.

Upon information and belief, Defendant copied Plaintiff's SOLBERG mark.

On information and belief actual confusion has occurred in connection with the use of the SOLBERG Infringing Mark.

The SOLBERG TARGET MARKETS use a modest amount of time and care selecting an appropriate filter.

Based on at least the above-described similarities between Plaintiff's SOLBERG trademark and Defendant's SOLBERG Infringing Mark, the overlapping target markets, the overlapping channels of trade, the actual confusion, and copying, a likelihood of confusion and actual confusion exists amongst and in the market place as to whether the source of goods offered in connection with Defendant's SOLBERG Infringing Mark emanate from the same source as the SOLBERG GOODS offered in connection with Plaintiffs SOLBERG trademark or are otherwise associated with or sponsored by the source of goods offered in connection with the SOLBERG trademark.

The likelihood of confusion includes, without limitation, initial interest confusion.

Accordingly, Defendant's SOLBERG Infringing Mark infringes upon Plaintiff's SOLBERG trademark.

Upon information and belief, the infringement is willful.

As a result of the above-described infringement, Plaintiff has been damaged in that plaintiff has lost out on sales to Defendant. Plaintiff suffers irreparable harm in that its goodwill has suffered a diminution in value, Plaintiff has suffered a loss of some control of the SOLBERG Trademark,

and because Defendant has been unjustly enriched trading on the goodwill of Plaintiff. Unless Defendant is preliminarily and permanently enjoined from use of SOLBERG Infringing Mark Plaintiff will continue to suffer irreparable harm.

**Second Cause of Action**

**False Designation of Origin U.S.C. § 1125(a)(1) (A) (SOLBERG)**

The trademark SOLBERG (Word Mark) has been continuously and exclusively used in the ordinary course of business, in commerce in the U.S., by Plaintiff on or in connection with selling, offering for sale, and marketing of filters for machines, namely for air compressors, vacuum pumps and industrial positive displacement blowers, hereinafter the SOLBERG GOODS; said use prior to any use by Defendant.

Plaintiff maintains control (including quality control) over the design, manufacture, distribution, marketing, and sale of SOLBERG GOODS in commerce in the U.S., under and in connection with the SOLBERG trademark, so the SOLBERG GOODS sold under and in connection with the SOLBERG trademark are seen in a favorable light and known for their consistent, uniform, and exacting high quality and standards throughout the U.S.

Plaintiff's target market, to which it sells SOLBERG GOODS in commerce in the U.S., in part, includes end users of air compressors, vacuum pumps and industrial positive displacement blowers desirous of purchasing an aftermarket filter to replace an original equipment filter for air compressors, vacuum pumps, and industrial positive displacement blowers or to replace another aftermarket filter of air compressors, vacuum pumps, and industrial positive displacement blowers.

Plaintiff's target market, to which it sells SOLBERG GOODS in commerce in the U.S., in part, also includes engineering firms desirous of purchasing or specifying a filter as a component of an engineered package, said engineered package sold to or installed at an end user's facility,

said engineered package incorporating or used with, air compressors, vacuum pumps, and industrial positive displacement blowers.

Plaintiff's target market, to which it sells SOLBERG GOODS in commerce in the U.S., in part, also includes installers of the above-described engineered packages or installers of air compressors, vacuum pumps, and industrial positive displacement blowers.

Plaintiff's target market, to which it sells SOLBERG GOODS in commerce in the U.S., in part, also includes servicing entities, servicing centers, and servicing personnel desirous of replacing a filter or installing a filter used in connection with air compressors, vacuum pumps, and industrial positive displacement blowers.

Plaintiff's target market, to which it sells SOLBERG GOODS in commerce in the U.S., in part, also includes original equipment manufacturers of air compressors, vacuum pumps, and industrial positive displacement blowers.

Plaintiff's target market, to which it sells SOLBERG GOODS in commerce in the U.S., in part, also includes distributors and other resellers of filters that sell to the above-described end users, engineering firms, installers, servicing entities, servicing personnel, and original equipment manufacturers.

The above target markets are hereinafter collectively referred to as "SOLBERG TARGET MARKETS".

To reach the SOLBERG TARGET MARKETS, Plaintiff markets the SOLBERG GOODS throughout the U.S. in connection with the SOLBERG Trademark, hereinafter the SOLBERG MARKETING.

The SOLBERG MARKETING includes the website, https://www.solbergmfg.com, optimized for appearing in search results using over 6000 key words used within the website

including part numbers, product descriptions, and industry jargon. The website having national reach throughout the U.S.

The Plaintiff offers for sale and sells, through its website, https://www.solbergmfg.com, the SOLBERG GOODS in commerce in the U.S.

The SOLBERG MARKETING includes other electronic media, having national reach throughout the U.S., promoting SOLBERG GOODS in connection with the SOLBERG Trademark, such as the following third-party sites and publications directed to SOLBERG TARGET MARKETS: Grainger.com, Amazon.com, Zoro.com, AirBestPractices.com.

The SOLBERG MARKETING includes print media, having national reach throughout the U.S., promoting SOLBERG GOODS in connection with the SOLBERG Trademark, such as Compressed Air Best Practices Magazine directed to the SOLBERG TARGET MARKETS.

The SOLBERG MARKETING includes attending the following trade shows and seminars where the SOLBERG trademark is used in connection with the SOLBERG GOODS: Association of Independent Compressor Distributors, Industrial Compressor Distributor Association, The Best Practices EXPO & Conference (and many other industry specific events).

The above-described use and marketing of the SOLBERG trademark in connection with the SOLBERG GOODS has inured, throughout the U.S., the SOLBERG trademark with considerable goodwill and a favorable reputation amongst the SOLBERG TARGET MARKETS.

The above-described use and marketing of the SOLBERG trademark in connection with the SOLBERG GOODS has inured, throughout the U.S., the SOLBERG trademark as designating the SOLBERG GOODS as originating from a single source.

Defendant started using the trademark SOLBERG, hereinafter, the "SOLBERG Infringing Mark", after Plaintiff's SOLBERG trademark became inured with considerable goodwill and a

favorable reputation amongst the SOLBERG TARGET MARKETS and after it became known to the SOLBERG TARGET MARKETS as designating a single source of the SOLBERG GOODS. The SOLBERG Infringing Mark is used in commerce, in the U.S., in connection with marketing and selling filters for use with air compressors, gas compressors, vacuum pumps, and industrial positive displacement blowers on Defendant's website, https://www.eaircompressorparts.com.

Defendant, on its website's face page, https://www.eaircompressorparts.com, recites "Solberg Filters" as a link for a user of the website to click through to buy filters for at least air compressors.

When a user clicks on the "Solberg Filters" link, it lands on pages of the website that include a list wherein each item on the list, in part, recites "Replacement Solberg Filter" as a link to another page.

Examples of items on the list, in part, include



ICS-18P Replacement Solberg Filter

**Price:** $12.34

Quantity:

More Info

ICS-18P Replacement Solberg Filter



ICS-19P Replacement Solberg Air Filter

**Price:** $13.78

Quantity:

More Info

ICS-19P Replacement Solberg Air Filter.




Many of the alphanumeric and numeric portions on the listing which succeed ICS such as 14, 18p and 19P reflect numeric and alphanumeric terms associated with Plaintiff.

Assessing Plaintiff's mark, as a whole, shows SOLBERG dominates, as SOLBERG makes its own commercial impression. The term SOLBERG is arbitrary as applied to SOLBERG GOODS and thus the mark, as a whole, is strong. Plaintiff's mark, as a whole, is pronounced SOLBERG and has a connotation and visual look as SOLBERG. The commercial impression of the mark, as a whole, when applied to the SOLBERG GOODS, is SOLBERG.

As to the SOLBERG Infringing Mark, analyzed as a whole, like Plaintiff's mark, it is pronounced SOLBERG. Like Plaintiff's mark, SOLBERG dominates. The term "Filters" used on the home page with Solberg such as "Solberg Filters"; and the phrase "Filter" used on the listing page such as "Replacement Solberg Filter" simply connotes the nature of the good used in connection with infringing mark.

The term "Replacement" as used on the listing pages in the phrase "Replacement Solberg Filter" simply connotes the filter, as a category of filters, that originates from the source of original SOLBERG brand filters. The Infringing Mark, like Plaintiff's mark, has the commercial impression SOLBERG.

Upon information and belief, Defendant copied Plaintiff's SOLBERG mark.

Upon information and belief, Defendant's target markets overlap with the SOLBERG TARGET MARKETS. The overlapping target markets include overlapping trade channels. As but one such example, both parties sell to the aftermarket to replace OEM filters using overlapping channels of trade such websites and sales teams.

On information and belief actual confusion has occurred in connection with the use of the SOLBERG Infringing Mark.

The SOLBERG TARGET MARKETS use a modest amount of time and care selecting an appropriate filter.

Based on at least the above-described similarities between Plaintiff's SOLBERG trademark and Defendant's SOLBERG Infringing Mark, the overlapping target markets, the overlapping channels of trade, the actual confusion, and copying, a likelihood of confusion and actual confusion exists amongst the relevant target markets as to whether the source of goods offered in connection with Defendant's SOLBERG Infringing Mark emanate from the same source as the SOLBERG GOODS offered in connection with Plaintiffs SOLBERG trademark or are otherwise associated with or sponsored by the source of services offered in connection with the SOLBERG trademark.

The likelihood of confusion includes, without limitation, initial interest confusion.

Accordingly, Defendant's SOLBERG Infringing Mark infringes upon Plaintiff's SOLBERG trademark.

Upon information and belief, the infringement is willful.

As a result of the above-described infringement, Plaintiff has been damaged in that Plaintiff has lost out on sales to Defendant. Plaintiff suffers irreparable harm in that its goodwill has suffered a diminution in value, Plaintiff has suffered a loss of some control of the SOLBERG Trademark,

and because Defendant has been unjustly enriched trading on the goodwill of Plaintiff. Unless Defendant is preliminarily and permanently enjoined from use of SOLBERG Infringing Mark Plaintiff will continue to suffer irreparable harm.

**Third Cause of Action**

**False Advertising 15 U.S.C. § 1125(a)(1)(B)**

Plaintiff maintains control (including quality control) over the design, manufacture, distribution, marketing, and sale of filters for machines, namely for air compressors, vacuum pumps and industrial positive displacement blowers, herein after SOLBERG GOODS sold in commerce in the U.S., under and in connection with the trademark SOLBERG(word mark), so the SOLBERG GOODS sold under and in connection with the SOLBERG trademark are seen in a favorable light and known for their consistent, uniform, and exacting high quality and standards.

Plaintiff's target market, to which it sells SOLBERG GOODS in commerce in the U.S. on or in connection with the SOLBERG trademark, in part, includes end users of air compressors, vacuum pumps and industrial positive displacement blowers desirous of purchasing an aftermarket filter to replace an original equipment filter for air compressors, vacuum pumps, and industrial positive displacement blowers or to replace another aftermarket filter of air compressors, vacuum pumps, and industrial positive displacement blowers.

Plaintiff's target market, to which it sells SOLBERG GOODS in commerce in the U.S., in part, also includes engineering firms desirous of purchasing or specifying a filter as a component of an engineered package, said engineered package sold to or installed at an end user's facility, said engineered package incorporating or used with, air compressors, vacuum pumps, and industrial positive displacement blowers.

Plaintiff's target market, to which it sells SOLBERG GOODS in commerce in the U.S., in part, also includes installers of the above-described engineered packages or installers of air compressors, vacuum pumps, and industrial positive displacement blowers.

Plaintiff's target market, to which it sells SOLBERG GOODS in commerce in the U.S., in part, also includes servicing entities, servicing centers, and servicing personnel desirous of replacing a filter or installing a filter used in connection with air compressors, vacuum pumps, and industrial positive displacement blowers.

The above target markets are hereinafter collectively referred to as "SOLBERG TARGET MARKETS."

To reach the SOLBERG TARGET MARKETS, Plaintiff markets the SOLBERG GOODS throughout the U.S. in connection with the SOLBERG trademark, hereinafter the SOLBERG MARKETING.

The SOLBERG MARKETING includes the website, https://www.solbergmfg.com, optimized for appearing in search results using over 6000 key words used within the website including part numbers, product descriptions, industry jargon. The website has national reach throughout the U.S.

The Plaintiff offers for sale and sells, through its website, https://www.solbergmfg.com, the SOLBERG GOODS in commerce in the U.S.

The SOLBERG MARKETING includes other electronic media having national reach throughout the U.S., promoting SOLBERG GOODS in connection with the SOLBERG Trademark, such as the following third-party sites and publications directed to SOLBERG TARGET MARKETS: Grainger.com, Amazon.com, Zoro.com, AirBestPractices.com .

The SOLBERG MARKETING includes print media having national reach throughout the U.S., promoting SOLBERG GOODS in connection with the SOLBERG Trademark, such as Compressed Air Best Practices Magazine directed to the SOLBERG TARGET MARKET.

The above-described use and marketing of the SOLBERG trademark in connection with the SOLBERG GOODS has inured, throughout the U.S., the SOLBERG trademark, with considerable goodwill and a favorable reputation amongst the SOLBERG TARGET MARKETS.

The above-described use and marketing of the SOLBERG trademark in connection with the SOLBERG GOODS has inured, throughout the U.S., the SOLBERG Trademark as designating SOLBERG GOODS as originating from a single source.

Upon information and belief, Defendant's target markets overlap with the SOLBERG TARGET MARKETS. The overlapping target markets include overlapping trade channels. As but one such example, both parties sell to the aftermarket to replace OEM filters using overlapping channels of trade such websites and sales teams.

Defendant, on its website's face page, https://www.eaircompressorparts.com, advertises filters throughout the U.S. The advertising on the website's face page includes the link "Solberg Filters" for a user of the website to click through to advertisements for filters for at least air compressors.

When a user clicks on the "Solberg Filters" link, it lands on pages of the website that include a list wherein each item on the list advertises filters as a "Replacement Solberg Filter" or a "Replacement Solberg Air Filter".

Examples of items advertised on the list, in part, include:



**ICS-18P Replacement Solberg Filter**

**Price:** **$12.34**

Quantity:

More Info

ICS-18P Replacement Solberg Filter



**ICS-19P Replacement Solberg Air Filter**

**Price:** **$13.78**

Quantity:

More Info

ICS-19P Replacement Solberg Air Filter.




In the alternative, if the term "Replacement" as used on the listing pages in the phrase "Replacement Solberg Filter" does not connote the filter, as a category of filters' that originates from the source of original SOLBERG filters then the term "Replacement" as used in the phrase "Replacement Solberg Filter" as used in the above adverting means a filter having the same quality as a filter that emanates from the source of a genuine SOLBERG brand filter.

The statement is literally false as the filters advertised by Defendant do not have the same quality as a genuine SOLBERG filter. For instance, the filters, upon information and belief, lack any performance specifications or documentation and relies on Solberg's name and reputation to imply equal performance. Further The Solberg element is more robust with a tighter opening expanded metal vs more open ICS expanded. This impacts collapse pressure.

In the alternative, if the statement is not literally false and is in fact literally true, then it is misleading in that it leads a substantial segment of the audience of the aforementioned above advisements to believe that Defendant's filters have the have the same quality as a filter that emanates from the source of a genuine SOLBERG filter.

As a result of the above-described false advertising, Plaintiff has been damaged in that Plaintiff has or is likely to lose out on sales to Defendant. Unless Defendant is preliminarily and permanently enjoined from use of the false or misleading phrase Plaintiff will continue to suffer irreparable harm

**Fourth Cause of Action**

**Trademark Infringement 15 U.S.C. § 1114 (19)**

Plaintiff owns all right, title, and interest in and to United States Trademark Registration 2,225,535 for the trademark 19 (Word Mark), registered February 23, 1999, with a date of First Use in commerce as at least as early 1978, for use with air filter elements being parts of air compressors. in international class 07 (hereinafter, "19 GOODS"). A copy of the registration is attached hereto and incorporated herein by reference as Exhibit B.

The registration for the trademark 19 is valid and in force.

The registration for the trademark 19 has achieved incontestable status.

The registered 19 trademark has been continuously used in the ordinary course of business in commerce in the U.S. by Plaintiff on or in connection with selling and offering for sale the 19 GOODS in commerce in the U.S. since prior to any use by Defendant.

Plaintiff maintains control (including quality control) over the design, manufacture, distribution, marketing, and sale of 19 GOODS in commerce in the U.S., under and in connection with the 19 trademark. As such, the 19 GOODS which are and have been sold in commerce in the

U.S., under and in connection with the 19 trademark are seen in a favorable light and known for their consistent, uniform, and exacting high quality and standards.

Plaintiff's target market, to which it sells 19 GOODS in commerce in the U.S., in part, includes end users of air compressors desirous of purchasing an aftermarket filter to replace an original equipment filter for air compressors or to replace another aftermarket filter of air compressors

Plaintiff's target market, to which it sells 19 GOODS in commerce in the U.S., in part, also includes engineering firms desirous of purchasing or specifying a filter as a component of an engineered package, said engineered package sold to or installed at an end user's facility, said engineered package incorporating or used with, air compressors.

Plaintiff's target market, to which it sells 19 GOODS in commerce in the U.S., in part, also includes installers of the above-described engineered packages or installers of air compressors.

Plaintiff's target market, to which it sells 19 GOODS in commerce in the U.S., in part, also includes servicing entities, servicing centers, and servicing personnel desirous of replacing a filter or installing a filter used in connection with air compressors.

Plaintiff's target market, to which it sells 19 GOODS in commerce in the U.S., in part, also includes original equipment manufacturers of air compressors.

Plaintiff's target market, to which it sells 19 GOODS in commerce in the U.S., in part, also includes distributors and other resellers of filters that sell to the above-described end users, engineering firms, installers, servicing entities, servicing personnel, and original equipment manufacturers.

The above target markets are hereinafter collectively referred to as "19 TARGET MARKETS."

To reach the 19 TARGET MARKETS, Plaintiff markets the 19 GOODS throughout the U.S. in connection with the 19 trademark, hereinafter the 19 MARKETING.

The 19 MARKETING includes the website, https://www.solbergmfg.com, optimized for appearing in search results using over 6000 key words used within the website including part numbers, product descriptions, industry jargon; said website having national reach throughout the U.S.

The Plaintiff offers for sale and sells, through its website, https://www.solbergmfg.com, the 19 GOODS in commerce in the U.S.

The 19 MARKETING includes other electronic media, having national reach throughout the U.S., promoting 19 GOODS in connection with the 19 Trademark, such as the following third-party sites and publications directed to 19 TARGET MARKETS: Grainger.com, Amazon.com, Zoro.com, AirBestPractices.com.

The 19 MARKETING includes print media having national reach throughout the U.S. promoting 19 GOODS in connection with the 19 Trademark, such as Compressed Air Best Practices Magazine directed to the 19 TARGET MARKETS.

The 19 MARKETING includes attending the following trade shows and seminars where the 19 trademark is used in connection with the 19 GOODS: Association of Independent Compressor Distributors, Industrial Compressor Distributor Association, The Best Practices EXPO & Conference (and many other industry specific events.

The above-described use and marketing of the registered 19 trademark in commerce in the U.S. in connection with the 19 GOODS has inured the 19 trademark with considerable goodwill and a favorable reputation amongst the 19 TARGET MARKETS throughout the U.S.

The above-described use and marketing of the registered 19 trademark in connection with the 19 GOODS has inured, throughout the U.S., the 19 Trademark as designating the 19 GOODS as originating from a single source.

Defendant started using the trademark 19, hereinafter, the "19 Infringing Mark", well after the Plaintiff's 19 trademark became inured with considerable goodwill and a favorable reputation amongst the 19 TARGET MARKETS and known to the 19 TARGET MARKETS as designating 19 GOODS as originating from a single source.

The 19 Infringing Mark is used in commerce, in the U.S., in connection with marketing and selling filters for use with air compressors air compressors, gas compressors, vacuum pumps, and industrial positive displacement blowers on Defendant's website,

Defendant, on its website's face page, https://www.eaircompressorparts.com, recites "Solberg Filters" as a link for a user of the website to click through to buy filters for at least air compressors.

When a user clicks on the "Solberg Filters" link, it lands on pages of the website that include a list wherein each item on the list, in part, recites "Replacement Solberg Filter" as a link to another page.

Examples of items on the list, in part, include



ICS-19P Replacement Solberg Air Filter

**Price:** $13.78

Quantity:

More Info

ICS-19P Replacement Solberg Air Filter.

In addition to the above advertising, Defendant followed by a prefix imprints 19 the packing containing a filleter element .

Assessing Plaintiff's mark, as a whole, shows 19 dominates, as 19 makes its own commercial impression. The term 19 is arbitrary as applied to 19 GOODS and thus the mark, as a whole, is strong. Plaintiff's mark, as a whole, is pronounced 19 and has a connotation and visual look as 19. The commercial impression of the mark, as a whole, when applied to the 19 GOODS, is 19.

As to the 19 Infringing Mark, analyzed as a whole, like Plaintiff's mark, it is pronounced 19. Like Plaintiff's mark, 19 dominates.

Upon information and belief, Defendant's target markets overlap with the 19 TARGET MARKETS. The overlapping target markets includes overlapping trade channels used in commerce in the U.S.

Upon information and belief, Defendant copied Plaintiff's 19 mark.

The 19 TARGET MARKETS use a modest amount of time and care selecting an appropriate filter.

Based on at least the above-described similarities between Plaintiff's 19 trademark and Defendant's 19 Infringing Mark, the overlapping target markets, the overlapping channels of trade, and copying, a likelihood of confusion and upon information and belief actual confusion exists amongst and in the market place as to whether the source of goods offered in connection with Defendant's 19 Infringing Mark emanate from the same source as the 19 GOODS offered in connection with Plaintiffs 19 trademark or are otherwise associated with or sponsored by the source of goods offered in connection with the 19 trademark.

The likelihood of confusion includes, without limitation, initial interest confusion.

Accordingly, Defendant's 19 Infringing Mark infringes upon Plaintiff's 19 trademark.

Upon information and belief, the infringement is willful.

As a result of the above-described infringement, Plaintiff has been damaged in that plaintiff has lost out on sales to Defendant. Plaintiff suffers irreparable harm in that its goodwill has suffered a diminution in value, Plaintiff has suffered a loss of some control of the 19 Trademark, and because Defendant has been unjustly enriched trading on the goodwill of Plaintiff. Unless Defendant is preliminarily and permanently enjoined from use of 19 Infringing Mark Plaintiff will continue to suffer irreparable harm.

**Fifth Cause of Action**

**False Designation of Origin U.S.C. § 1125(a)(1) (A) (19)**

The trademark 19 (Word Mark) has been continuously and exclusively used in the ordinary course of business, in commerce in the U.S., by Plaintiff on or in connection with selling, offering for sale, and marketing of filters for machines, namely for air compressors, hereinafter the 19 GOODS; said use prior to any use by Defendant.

Plaintiff maintains control (including quality control) over the design, manufacture, distribution, marketing, and sale of 19 GOODS in commerce in the U.S., under and in connection with the 19 trademark, so the 19 GOODS sold under and in connection with the 19 trademark are seen in a favorable light and known for their consistent, uniform, and exacting high quality and standards throughout the U.S.

Plaintiff's target market, to which it sells 19 GOODS in commerce in the U.S., in part, includes end users of air compressors desirous of purchasing an aftermarket filter to replace an

original equipment filter for air compressors or to replace another aftermarket filter of air compressors.

Plaintiff's target market, to which it sells 19 GOODS in commerce in the U.S., in part, also includes engineering firms desirous of purchasing or specifying a filter as a component of an engineered package, said engineered package sold to or installed at an end user's facility, said engineered package incorporating or used with air compressors.

Plaintiff's target market, to which it sells 19 GOODS in commerce in the U.S., in part, also includes installers of the above-described engineered packages or installers of air compressors.

Plaintiff's target market, to which it sells 19 GOODS in commerce in the U.S., in part, also includes servicing entities, servicing centers, and servicing personnel desirous of replacing a filter or installing a filter used in connection with air compressors.

Plaintiff's target market, to which it sells 19 GOODS in commerce in the U.S., in part, also includes original equipment manufacturers of air compressors.

Plaintiff's target market, to which it sells 19 GOODS in commerce in the U.S., in part, also includes distributors and other resellers of filters that sell to the above-described end users, engineering firms, installers, servicing entities, servicing personnel, and original equipment manufacturers.

The above target markets are hereinafter collectively referred to as "19 TARGET MARKETS".

To reach the 19 TARGET MARKETS, Plaintiff markets the 19 GOODS throughout the U.S. in connection with the 19 Trademark, hereinafter the 19 MARKETING.

The 19 MARKETING includes the website, https://www.solbergmfg.com, optimized for appearing in search results using over 6000 key words used within the website including part

numbers, product descriptions, and industry jargon. The website having national reach throughout the U.S.

The Plaintiff offers for sale and sells, through its website, https://www.solbergmfg.com, the 19 GOODS in commerce in the U.S.

The 19 MARKETING includes other electronic media, having national reach throughout the U.S., promoting 19 GOODS in connection with the 19 Trademark, such as the following third-party sites and publications directed to 19 TARGET MARKETS: Grainger.com, Amazon.com, Zoro.com, AirBestPractices.com.

The 19 MARKETING includes print media, having national reach throughout the U.S., promoting 19 GOODS in connection with the 19 Trademark, such as Compressed Air Best Practices Magazine directed to the 19 TARGET MARKETS.

The 19 MARKETING includes attending the following trade shows and seminars where the 19 trademark is used in connection with the 19 GOODS: Association of Independent Compressor Distributors, Industrial Compressor Distributor Association, The Best Practices EXPO & Conference (and many other industry specific events).

The above-described use and marketing of the 19 trademark in connection with the 19 GOODS has inured, throughout the U.S., the 19 trademark with considerable goodwill and a favorable reputation amongst the 19 TARGET MARKETS.

The above-described use and marketing of the 19 trademark in connection with the 19 GOODS has inured, throughout the U.S., the 19 trademark as designating the 19 GOODS as originating from a single source.

Defendant started using the trademark 19, hereinafter, the “19 Infringing Mark”, after Plaintiff’s 19 trademark became inured with considerable goodwill and a favorable reputation

amongst the 19 TARGET MARKETS and after it became known to the 19 TARGET MARKETS as designating a single source of the 19 GOODS.

The 19 Infringing Mark is used in commerce, in the U.S., in connection with marketing and selling filters for use with air compressors, gas compressors, vacuum pumps, and industrial positive displacement blowers on Defendant's website, https://www.eaircompressorparts.com.

Defendant, on its website's face page, https://www.eaircompressorparts.com, recites "Solberg Filters" as a link for a user of the website to click through to buy filters for at least air compressors.

When a user clicks on the "Solberg Filters" link, it lands on pages of the website that include a list wherein each item on the list, in part, recites "Replacement Solberg Filter" as a link to another page.

Examples of items on the list, in part, include




**ICS-19P Replacement Solberg Air Filter**

**Price:** **$13.78**

Quantity:

More Info

ICS-19P Replacement Solberg Air Filter.

Assessing Plaintiff's mark, as a whole, shows 19 dominates, as 19 makes its own commercial impression. The term 19 is arbitrary as applied to 19 GOODS and thus the mark, as a whole, is strong. Plaintiff's mark, as a whole, is pronounced 19 and has a connotation and visual

look as 19. The commercial impression of the mark, as a whole, when applied to the 19 GOODS, is 19.

As to the 19 Infringing Mark, analyzed as a whole, like Plaintiff's mark, it is pronounced 19. Like Plaintiff's mark, 19 dominates.

The Infringing Mark, like Plaintiff's mark, has the commercial impression SOLBERG.

Upon information and belief, Defendant copied Plaintiff's SOLBERG mark.

Upon information and belief, Defendant's target markets overlap with the 19 TARGET MARKETS. The overlapping target markets include overlapping trade channels. As but one such example, both parties sell to the aftermarket to replace OEM filters using overlapping channels of trade such websites and sales teams.

On information and belief actual confusion has occurred in connection with the use of the 19 Infringing Mark.

The 19 TARGET MARKETS use a modest amount of time and care selecting an appropriate filter.

Based on at least the above-described similarities between Plaintiff's 19 trademark and Defendant's 19 Infringing Mark, the overlapping target markets, the overlapping channels of trade, the actual confusion, and copying, a likelihood of confusion and actual confusion exists amongst the relevant target markets as to whether the source of goods offered in connection with Defendant's 19 Infringing Mark emanate from the same source as the 19 GOODS offered in connection with Plaintiffs 19 trademark or are otherwise associated with or sponsored by the source of services offered in connection with the 19 trademark.

The likelihood of confusion includes, without limitation, initial interest confusion.

Accordingly, Defendant's 19 Infringing Mark infringes upon Plaintiff's 19 trademark.

Upon information and belief, the infringement is willful.

As a result of the above-described infringement, Plaintiff has been damaged in that Plaintiff has lost out on sales to Defendant. Plaintiff suffers irreparable harm in that its goodwill has suffered a diminution in value, Plaintiff has suffered a loss of some control of the 19 Trademark, and because Defendant has been unjustly enriched trading on the goodwill of Plaintiff. Unless Defendant is preliminarily and permanently enjoined from use of 19 Infringing Mark Plaintiff will continue to suffer irreparable harm.

## Sixth Cause of Action

### Illinois Unfair and Deceptive Practices 815 815 ILCS 510/1 *et seq*

The trademark SOLBERG (Word Mark), has been continuously and exclusively used in Illinois in the ordinary course of business in commerce by Plaintiff on or in connection with selling, offering for sale, and marketing filters for machines, namely for air compressors, vacuum pumps and industrial positive displacement blowers, hereinafter the SOLBERG GOODS; said use prior to any use by Defendant.

Plaintiff maintains control (including quality control) over the design, manufacture, distribution, marketing, and sale of SOLBERG GOODS sold under and in connection with the SOLBERG trademark, so the SOLBERG GOODS sold under and in connection with the SOLBERG trademark are seen, in Illinois, in a favorable light and known in Illinois for their consistent, uniform, and exacting high quality and standards.

Plaintiff's target market in Illinois to which it sells SOLBERG GOODS, in part, includes end users of air compressors, vacuum pumps and industrial positive displacement blowers desirous of purchasing an aftermarket filter to replace an original equipment filter for air compressors,

vacuum pumps, and industrial positive displacement blowers or to replace another aftermarket filter of air compressors, vacuum pumps, and industrial positive displacement blowers.

Plaintiff's target market in Illinois to which it sells SOLBERG GOODS, in part, also includes engineering firms desirous of purchasing or specifying a filter as a component of an engineered package, said engineered package sold to or installed at an end user's facility, said engineered package incorporating or used with, air compressors, vacuum pumps, and industrial positive displacement blowers.

Plaintiff's target market in Illinois to which it sells SOLBERG GOODS, in part, also includes installers of the above-described engineered packages or installers of air compressors, vacuum pumps, and industrial positive displacement blowers.

Plaintiff's target market in Illinois to which it sells SOLBERG GOODS, in part, also includes servicing entities, servicing centers, and servicing personnel desirous of replacing a filter or installing a filter used in connection with air compressors, vacuum pumps, and industrial positive displacement blowers.

Plaintiff's target market, in Illinois to which it sells SOLBERG GOODS, in part, also includes original equipment manufacturers of air compressors, vacuum pumps, and industrial positive displacement blowers.

Plaintiff's target market in Illinois, to which it sells SOLBERG GOODS, in part, also includes distributors and other resellers of filters that sell to the above-described end users, engineering firms, installers, servicing entities, servicing personnel, and original equipment manufacturers

The above target markets are hereinafter collectively referred to as "SOLBERG TARGET MARKETS."

To reach the SOLBERG TARGET MARKETS, Plaintiff markets the SOLBERG GOODS in connection with the SOLBERG trademark in Illinois, hereinafter the SOLBERG MARKETING.

The SOLBERG MARKETING includes the website, https://www.solbergmfg.com, optimized for appearing in search results using over 6000 key words used within the website including part numbers, product descriptions, industry jargon.

The Plaintiff offers for sale in Illinois, through its website, https://www.solbergmfg.com, the SOLBERG GOODS.

The SOLBERG MARKETING includes other electronic media promoting SOLBERG GOODS in connection with the SOLBERG Trademark in Illinois.

The SOLBERG MARKETING includes print media promoting SOLBERG GOODS in connection with the SOLBERG Trademark in Illinois, such as Grainger.com, Amazon.com, Zoro.com, AirBestPractices.com directed to SOLBERG TARGET MARKETS.

The SOLBERG MARKETING includes attending the following trade shows and seminars in Illinois or which draws SOLBERG TARGET MARKET attendees from Illinois, where the SOLBERG trademark is used in connection with the SOLBERG GOODS: Association of Independent Compressor Distributors, Industrial Compressor Distributor Association, The Best Practices EXPO & Conference (and many other industry specific events).

The above-described use and marketing of the SOLBERG trademark in connection with the SOLBERG GOODS has inured the SOLBERG trademark, in Illinois, with considerable goodwill and a favorable reputation amongst the SOLBERG TARGET MARKETS.

The above-described use and marketing of the registered SOLBERG trademark in connection with the SOLBERG GOODS has inured, in Illinois, the SOLBERG trademark to the

SOLBERG TARGET MARKETS as designating the SOLBERG GOODS originating from a single source.

Defendant started using the trademark SOLBERG, hereinafter, the "SOLBERG Infringing Mark", in Illinois after Plaintiff's SOLBERG trademark became inured with considerable goodwill and a favorable reputation amongst the SOLBERG TARGET MARKETS and after it became known to the SOLBERG TARGET MARKETS as designating a single source of the SOLBERG GOODS.

The SOLBERG Infringing Mark is used in Illinois, in commerce, in connection with marketing and selling filters for use with air compressors gas compressors, vacuum pumps, and industrial positive displacement blowers on Defendant's website, https://www.eaircompressorparts.com.

Defendant, on its website's face page, https://www.eaircompressorparts.com, recites "Solberg Filters" as a link for a user of the website to click through to buy filters for at least air compressors.

When a user clicks on the "Solberg Filters" link, it lands on pages of the website that include a list wherein each item on the list, in part, recites "Replacement Solberg Filter" as a link to another page.

Examples of items advertised on the list, in part, include:



ICS-18P Replacement Solberg Filter

**Price:** $12.34

Quantity:

More Info

ICS-18P Replacement Solberg Filter



ICS-19P Replacement Solberg Air Filter

**Price:** $13.78

Quantity:

More Info

ICS-19P Replacement Solberg Air Filter.




Many of the alphanumeric and numeric portions on the listing which succeed ICS such as 14, 18p and 19P reflect numeric and alphanumeric terms associated with Plaintiff.

Assessing Plaintiff's mark, as a whole, shows SOLBERG dominates, as SOLBERG makes its own commercial impression. The term SOLBERG is arbitrary as applied to SOLBERG GOODS and thus the mark, as a whole, is strong. Plaintiff's mark, as a whole, is pronounced SOLBERG and has a connotation and visual look as SOLBERG. The commercial impression of the mark, as a whole, when applied to the SOLBERG GOODS, is SOLBERG.

As to the SOLBERG Infringing Mark, analyzed as a whole, like Plaintiff's mark, it is pronounced SOLBERG. Like Plaintiff's mark, SOLBERG dominates. The term "Filters" used on the home page with Solberg such as "Solberg Filters"; and the phrase "Filter" used on the listing page such as "Replacement Solberg Filter" simply connotes the nature of the good used in connection with infringing mark.

The term "Replacement" as used on the listing pages in the phrase "Replacement Solberg Filter" simply connotes the filter, as a category of filters, that originates from the same source as

genuine SOLBERG brand filters. The Infringing Mark, like Plaintiff's mark, has the commercial impression SOLBERG.

In the alternative, if "Replacement" as used on the listing pages in the phrase "Replacement Solberg Filter" does not connote the filter, as a category of filters, that originates from the same source as genuine SOLBERG brand filters then the phrase is likely to mislead a substantial segment of the audience in Illinois of the aforementioned above advisements to believe that Defendant's filters have the same quality as a filter that emanates from the source of a genuine SOLBERG filter.

Upon information and belief, Defendant's target markets overlap with SOLBERG TARGET MARKETS. The overlapping target markets include overlapping trade channels. As but one such example, both parties sell to the aftermarket to replace OEM filters using overlapping channels of trade such websites and sales teams.

Upon information and belief, Defendant copied Plaintiff's SOLBERG mark.

Upon information and belief actual confusion has occurred in connection with the use of the SOLBERG Infringing Mark.

The SOLBERG TARGET MARKETS use a modest amount of time and care selecting an appropriate filter.

Based on at least the above-described similarities between Plaintiff's SOLBERG trademark and Defendant's SOLBERG Infringing Mark, the overlapping channels of trade, the actual confusion, and copying, a likelihood of confusion and actual confusion exists in Illinois, the marketplace as to whether the source of goods offered in connection with Defendant's SOLBERG Infringing Mark emanate from the same source as the SOLBERG GOODS offered in

connection with Plaintiff's SOLBERG trademark or are otherwise associated with or sponsored by the source of services offered in connection with the SOLBERG trademark.

The likelihood of confusion includes, without limitation, initial interest confusion.

Accordingly, Defendant's SOLBERG Infringing Mark infringes upon Plaintiff's SOLBERG trademark.

Upon information and belief, the infringement is willful.

In the alternative, if there is no likelihood of confusion in Illinois, in and amongst the marketplace, as to the source of goods offered in connection with Defendant's SOLBERG Infringing Mark, then there is a likelihood of confusion as to the quality of the goods offered in connection with Defendant's SOLBERG Infringing Mark.

As a result of the above-described infringement, or in the alternative, the above-described misrepresentation as to the quality of goods, Plaintiff has been damaged in that Plaintiff has lost out on sales to Defendant. Plaintiff suffers irreparable harm in that its goodwill has suffered a diminution in value, Plaintiff has suffered a loss of some control of the SOLBERG Trademark, and because Defendant has been unjustly enriched trading on the goodwill of Plaintiff. Unless Defendant is preliminarily and permanently enjoined from use of SOLBERG Infringing Mark Plaintiff will continue to suffer irreparable harm.

**PRAYER FOR RELIEF**

1. WHEREAS PLAINTIFF prays this Court to:
    a. enjoin Defendant from using SOLBERG in any form or composite, or any colorable imitation thereof, in connection with the SOLBERG GOODS or any goods similar to the SOLBERG GOODS

b. enjoin Defendant from using 19 in any form or composite, or any colorable imitation thereof, in connection with the 19 GOODS or any goods similar to the 19 GOODS

c. award Plaintiff its lost profits;

d. order Defendant to provide an accounting to Plaintiff and award Plaintiff Defendant's profits;

e. award Plaintiff treble damages;

f. award Plaintiff its reasonable attorney fees and costs.

Dated this 22nd day of October, 2026.

Respectfully Submitted,

By: ____/James B. Conte/__________________

James B. Conte
Counsel For Plaintiff

ATTORNEY FOR PLAINTIFF
Illinois Bar Reg. No. 6226681
WHITE AND STEELE, P.C.
600 17th Street, Suite 600N
Denver, CO 80202
Email: jconte@wsteele.com
(303) 824 - 4350 telephone
(303) 296 - 3131 facsimile

Plaintiff hereby through undersigned counsel DEMANDS A JURY TRIAL.

By: ____/James B. Conte/_______________
James B. Conte
Lead Counsel
ATTORNEY FOR PLAINTIFF
Illinois Bar Reg. No. 6226681
WHITE AND STEELE, P.C.
600 17th Street, Suite 600N
Denver, CO 80202
Email: jconte@wsteele.com
(303) 824 - 4350 telephone
(303) 296 - 3131 facsimile